Case 19-3137, Quality Associates Inc v. Procter and Gamble Distributing, LLC, et al. Argument not to exceed 15 minutes per side. Mr. Fetcher, you may proceed to the appellant. Good morning, Your Honors. I would like to reserve three minutes for rebuttal. Fine. My name is William Fetcher, and along with Alan Statman, we represent Quality Associates, a victim of racial discrimination whose claims have not been reviewed by any court because of the erroneous decisions of the court below. I'm not going to review the facts in detail, but I would like to highlight certain events. Overall, this is a dispute between David and Goliath where, because of the district court's rulings, David wasn't permitted into the ring. By dismissing the complaint, the trial court denied any ability for Quality Associates to have its claims of discrimination judicially determined. Should these claims have been raised in the first proceeding that was filed in the state court? We don't believe so, Your Honor. Why wouldn't they be compulsory counterclaims there? Because they're not logically related to the breach of contract claims. To adopt that argument, and that was the argument and decision of the trial court, would require all claims between parties to a contract to be brought in a single action, and that is not the rule of the Ohio civil rules nor a federal court decision. So we believe that while in every dispute there may be certain underlying facts in common, in this case the discrimination claims, which are based upon a statutory framework, requires different birds of proofs and different elements go into it, are not logically related to the breach of contract claim that was brought in the state court. Doesn't the discrimination claim relate to the purchase agreement and the termination agreement and the alleged breaches by Procter & Gamble of those that they were motivated by racial discrimination? We don't believe they are related, Your Honor. We believe that the breach of contract claim is simply based upon whether or not one party lived up to its contractual obligations or did not. Where discrimination claims – Isn't race the underlying reason why you say they breached it? We believe that they were racially discriminated in a number of different factors, and that's one of them. Independent of the contracts? Independent of the contracts, Your Honor. I thought it all related to the contracts. No, it relates to the decision to require QAI to sell its business operations. That's an allegation of the breach of contract, is it not? It is not, Your Honor. The termination agreement simply required that the contract be terminated, not that QAI sell its business operations to non-minority vendors. Okay, but isn't that – I mean, one of the cases, I guess I get it mixed up, you seek to enforce the contract against Procter & Gamble, and the other case you seek to avoid it on the basis of duress. The one that you claim that there's a breach, I thought that was one of the claims that you made was they required you to do this, and that was a breach of the contracts. The state court action, Your Honor, is under the terms of the termination agreement, and QAI was entitled to certain payments for certain inventory and other outstanding contractual obligations owed at that point in time. Those claims are not related to the discrimination claims. The contract does contain a separation clause, such that if the court voids one provision of the contract, other provisions can remain. The P&G has argued that the release language of the termination agreement encompasses these claims. Initially, we argued that that termination agreement was entered into under duress, and specifically that provision of it under duress. Well, if the termination agreement is entered into duress, the entire agreement is void, is it not? Not just parts of it? Arguably it is, Your Honor, but also – How would it not be? How could parts of it be enforceable and parts not if it was duress that resulted in the signing of it? The duress regarding the release of the claims, then in all claims in that provision of it could be separated out. I mean, you're talking about duress in the execution of the agreement, are you not? Correct. So how could you have duress in the execution of parts of it, but not the other parts? Your Honor, we would also still have the claims for the breach of contract claims, which revived despite the termination agreement. These were obligations owed by P&G. These were not new obligations entered into between the parties solely in the termination agreement. P&G always had the obligation to pay QAI for inventory materials and the like. So the termination agreement itself is not a necessary component of those claims. So was that a separate contract? Yes, there was a prior purchase agreement between the parties that was terminated in the termination agreement. So you're saying that your case in federal court is only dealing with the termination agreement and not with the purchase agreement? It's dealing with the termination of the relationship, Your Honor, in that QAI was forced to sell its business to non-minority vendors at a lower price than the value. If we think about the purpose of the compulsory counterclaim rule in Ohio and in the federal courts, isn't the purpose to have one litigation resolving all of the related claims, and all of these are relating to the business relationship between P&G and QAI? Your Honor, at a global viewpoint, that is correct, but that's not the standard as announced by the Ohio Supreme Court. The standard is whether or not the claims are logically related, and to adopt that provision would require all claims, when there's ever a contract between the parties, to be litigated in one action. Well, that's not what they say, not all claims. They say the logically related claims that arise from the same transaction or occurrence. That's what the law in Ohio is, I think. That is the law. Not all claims. It's more limited. But to adopt the reasoning of the trial court and Procter & Gamble would require – Well, that's your conclusion, but you've got to give it a little support. I mean, you could always say conclusions, but you've got to tell me why that's so. Well, there is no case cited by either P&G or the trial court that says, when you have a contractual obligation in dispute, and you also have discrimination claims in dispute, that those must be filed in the same cause of action. So this would be the first case that we were able to find, and we found no cases one way or the other. So this would be the first case that says all claims related to where a contract exists between the parties, including discrimination claims, must be brought in a single action. What's your position on whether these two different actions involve many of the same factual issues? There are some facts that underlie it, but there's additional facts. For example, in a discrimination case, we have to prove intent. We have to prove that the non-minority vendors were treated differently than our client was. In a breach of contract action, it's just whether or not the contract was complied with or not complied with. Would it be safe to say that of the factual issues that you agree, some of which are the same, that many of them are the same? I would not agree with that, Your Honor. Some, but not many. Some, but not many. All right. And why are these not offshoots of the same basic controversy between the parties? Because the termination agreement related to the termination of the purchase agreement, and those claims related to that issue. And there were, even though there was a relationship between the parties, review the discrimination claims would be a very different context and a different legal standard and a different burden of proof. Here's what I don't understand. I think this is just a follow-up to the same question that Judge Moore asked you. You had these two companies that had a business relationship for a long period of time, and for whatever reason, something went wrong, and now they're separating this relationship. And it's just hard to understand why these different claims are not offshoots of the same basic controversy, which is the breaking up of this relationship. And, Your Honor, what you said was for whatever reason, and we believe that if the reason is discriminatory, it's not based upon the contractual relationship. It's based upon the intent of Procter & Gamble to not do business with minority vendors. Do you have a case that you would cite that addresses whether a discrimination claim can be brought in a separate action from an underlying contract claim? We found no such claim, and as I said a few moments ago, neither the trial court nor Procter & Gamble found a case that says if you have a breach of contract claim and you also have a discrimination claim, that those claims must be brought in the same action. So another question that this case raises as a puzzle, for me at least, is that the state court case has not reached final judgment in the state trial court, correct? Correct. So is there any case that you know of, either in your favor or against you, that says that the second court, here the federal court, can apply a compulsory counterclaim rule when the first court has not reached final judgment? I don't believe I looked at the issue in that fashion, Your Honor, so I do not have a case in mind. Because race judicata claim preclusion doctrine requires there to be a final judgment. Correct. So the question is, we know Ohio has a compulsory counterclaim rule, but at the time, the Ohio case is still ongoing when the federal district court decides your claim should have been a compulsory counterclaim in state court. Correct. And then we have the perplexity here that the state court, you went to the state court after this adverse ruling, right? In federal court, you went to the state court and said, please let me file a compulsory counterclaim in state court, right? We did, Your Honor. And the state court said no. Correct. Why did they say no? The state court believed that it was too late in the time, that case had been pending for some time, and did not want to further delay the resolution of the state court case. So they didn't say in the state court... They also said it was futile, that the state court ruled on the merits as well, and they said that this was compulsory under Ohio law, right? Correct. The Ohio court ruled both bases. So I think Judge Moore asked you, was there any case that ruled on this issue of whether civil rights claims have to be filed with contract claims in any Ohio cases? Well, there is one, and the one case is the currently pending Ohio case, right? Correct, Your Honor. But that state case is not yet final. So the res judicata and mootness doctrine does not apply to the claims that we've asserted before you. We're not talking about res judicata and mootness. We're talking about the Ohio compulsory counterclaim rule right here. This trial court did render that decision, Your Honor, and when that case is finalized, we do intend to proceed with any appellate rights we have at that decision. So one thing that's perplexing to me is that the Ohio court's statement ruling is a one-page ruling, and it says for reasons stated on the record following oral argument. Are those reasons in our record? Do we have any idea? We wouldn't because the district court here ruled before this ruling from the state court. Correct, Your Honor, and I do not recall whether or not the appellant or the appellee submitted a transcript of that hearing. I don't believe that they did, but I'm not 100% certain of that issue. And the ruling, as Judge Griffin says, says that the claims were compulsory counterclaims that should not be added to the case at this stage. So would the proper procedure for the district court have been to stay the federal proceedings until the state court was resolved? I believe that would have been an appropriate course of action. Did you ask for that? We did not, Your Honor, because we do believe and maintain that our discrimination claims do not logically relate to the breach of the contract claims, and we wanted those claims resolved by the district court. You mentioned earlier that you weren't arguing race due to kind of mootness, and you conflated those two. The briefing does address mootness, but the purpose of the final judgment rule in terms of claim preclusion, at least as far as I understand it, is there's always a possibility that, in this case, the state court can change their mind about those prior rulings. So that's why, generally speaking, you don't consider something to be preclusive until the case in which that came up is done. Correct. So why would this be a case where we shouldn't follow that rule? Your Honor, I was not arguing race due to kind of mootness applies. Procter & Gamble argued that this appeal is moot because of the state court decision on our motion to file a second amended counterclaim, and it's our position that the mootness, race due to kind of doctrine, do not apply because that decision is neither final nor appealable. I understand that. They raised it sort of preemptorily in the responsive brief because you didn't raise it in the appellate's brief, in the opening brief. Correct, Your Honor. They then responded to that in the reply brief, but you all are talking only about mootness. From your standpoint, it seems to me the better argument would be this is not preclusive in the federal litigation because, as Judge Morris explained, this is not a final judgment. That is our argument as we set forth in our reply brief, Your Honor. You think you argued claim preclusion outside the context of mootness? You were responding to Procter & Gamble's mootness argument, and it didn't seem to me that you strayed beyond the discussion of mootness. You don't have to look it up. You think you did. I believe I did, Your Honor. Well, look it up. I see that my time is up. Unless there are any further questions, I'll take my time on rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Eric Combs on behalf of the appellees. We urge the affirmance of the district court's decision to dismiss QAI's complaint. In our response brief, we've set forth three independent bases for affirmance, but I'd like to start where the district court finished, which is its correct determination that QAI's claim under 1981 was a compulsory counterclaim. So we set forth in our brief, we believe this case sets forth a very straightforward application of Rule 13a as it's been interpreted in the Ohio Supreme Court case of Reddick. Do you have a case that applies in Court Number 2, a compulsory counterclaim rule of the jurisdiction of Court Number 1, where Court Number 1 has not reached a final judgment? I think the standard compulsory counterclaim. So I don't have a specific case with respect to that. And you mentioned Reddick, and that's one where there was a final judgment, right? And every case that I'm contemplating, that I know of, and that's why I'm asking you for help, it seems that the first court did reach a final judgment, and the second court then says, aha, it should have been raised as a compulsory counterclaim in Case Number 1. And I'm wondering if you know of any case that did what this district judge did here. I'm not aware of any. But under the compulsory counterclaim rules, the policy underlying those rules to prevent duplication of efforts still apply with respect to a case, whether that state case or the previous. Multiple litigation on the same issues is exactly what compulsory counterclaim rule is meant to prohibit, and that's exactly what's happening here. And if we were to say the rule requires a final judgment, we would be saying Ohio permits multiple litigation to be ongoing despite this mandatory counterclaim rule, and it defeats the purpose of the rule, I would think. I would 100% agree. Otherwise, you're left with raised judicata and collateral estoppel, and I don't think there's any teeth. I mean, because raised judicata would, well, I suppose they couldn't. Maybe you'd have a situation where there was not a decision on the merits, but most cases there would be no sanction for violating the rule if we required a final judgment, I would think. Well, correct. Every case would be. And then I think the main point is it's an interesting argument, but it hasn't been raised by quality assurance or quality associates, has it? It has not, and that would be. It's an academic. Well, what if this is the rule? Should we decide this issue? Well, I don't see it before us, do we? Whether Ohio's rule requires a final judgment for compulsory counterclaims rule to apply? I mean, that's not one of the issues I see in the briefs. That issue was not presented in the briefs, and I would argue. So is it forfeited? I would agree, yes. And I would also say that I'm not, the fact that I'm not aware of a case is perhaps the result of the fact that I didn't think of that issue because I think it is. Why would you think of the issue? I think the issue would be the other side's issue. Correct. Should the district court have stayed the federal action so that your opponent could, if the district court thought this should have been raised as a compulsory counterclaim in state court, should the district court have stayed the federal action so that your opponent could go to state court and seek to raise this 1981 claim as a compulsory counterclaim? My answer would be no, because the requirements of Rule 13a in the state of Ohio, which is what the district court was to apply, were clear that this case should have been brought. This case was still pending. This is the concern that I have, that the state court case was still pending. Why not have the federal court stay the action in federal court so that the QAI people could raise their claim? They're the defendants in state court. They could raise their 1981 claim as a counterclaim in state court. You're arguing there is a logical relationship between the two claims, right? Correct. The essence of your position is there's a logical relationship between the two claims. The ideal of the whole litigation structure is to have one lawsuit resolving all of those claims. Why shouldn't QAI be able to go to state court and raise its what you're saying is a compulsory counterclaim? What they're saying is not. Why shouldn't the federal district court stay its action? Then what would happen? Well, the state court could say, yes, you may raise your compulsory counterclaim, or no, it's too late. Has the state court already ruled on that issue? It has now. Yeah, because it ruled it was futile. My answer to your question, Judge, is to what end? It's already happened, right? It has. You've already gone to state court and said, I want you to adjudicate our civil rights claim that's in the federal court, and the argument, well, you should stay the federal court civil rights action until the state court rules, well, that's already happened. So there's no reason to stay it for a ruling since there's already been a ruling, right? That's my response. That wasn't ruling, it was futile. It was on the merits. Correct, but even in the hypothetical, I guess my question for you, Judge, would be to what end? Because if the district court had stayed the case and said, QAI, I'm staying your case while you go back to the state court where it should have been brought, and to be clear, could have been brought, and they went back, and one of two things would happen, correct? Either the state court would say, QAI, you are permitted to amend your counterclaim and bring it here, in which case the federal district court would say, we will end the case because you're bringing it in another court, or the state court would say, as it did here, you cannot bring your case here, which is a judgment that is due full faith and credit by this court, and therefore it would end the district court case, too. We've already talked about that for raised judicata and collateral establishment. It's just an interlocutory decision. But there is a ruling. I mean, to say they've got to go back to federal court and stay it pending a ruling while the ruling's already been made. Agreed. With due respect, I want to address that point. I think in their brief, QAI conflates the issue of final appealable judgment and a final judgment on the merits that has preclusive effect. I would point the court to the Ohio Supreme Court case of Fung v. Waste Management, 71 Ohio State 3rd 408, in which the court, quoting the restatement of the law of judgments, section 13, says, a judgment may be final in a raised judicata sense as to part of an action, although the litigation continues on to the rest. The judgment of the trial court with respect to this claim is final. As to this claim, whether it is subject to appeal or not, is a different question. That is, under Ohio statutory law, whether you can appeal a judgment. But imagine a situation as comment E to section 13 of the restatement of judgments contemplates as an example, where you have a partial summary judgment grant. That case, there is a final judgment on that case, even though the rest of that case goes forward. So on the merits of that case, it is a judgment on the merits that does, under Fung, under the Ohio State Supreme Court and the restatement of judgments, have preclusive effect. It seems odd to me. I mean, maybe that is the rule in Ohio. But it would seem to me, if the case is ongoing in state court, even though you have a ruling on summary judgment or whatever, the state court still has jurisdiction. And it seems to me that on a motion for reconsideration or whatever sorts of rules that they have, the court could change its mind while it still has jurisdiction. So it is hard for me to say it is final as to those issues when there is always the possibility that it could go the other way. Let me try this out. Maybe there is another way to look at this. I was concerned about this same question. But the Ohio ruling that dismissed the second attempt to bring these claims occurred after Judge Black's decision in this case, right? Correct. So it seems to me maybe a way to analyze this is to say that had Judge Black relied upon claim preclusion as, in other words, being bound by the state court decision as the basis for dismissing this case, it seems to me that is probably wrong under the final judgment rule. But he didn't. I think, I'm just looking at this again, he made his own independent assessment of what the Ohio rule called for, not having had the benefit of an Ohio ruling on it at that point. And if he is right about that, then it seems to me as long as we don't premise this decision, if we ruled in your favor, as long as we didn't premise it on claim preclusion, then that wouldn't run afoul of the final judgment rule. Does that make sense to you? I agree. If the court affirms that Judge Black in the district court got it correct that this was a compulsory counterclaim, then I don't see an inconsistency because, of course, that's precisely what the state court ruled. Let me just finish up by saying I'm pretty sure that that's how you were going to answer the question. So I'm really asking you that question. To give the appellant the benefit of what I'm thinking here so they can respond whether that makes sense or not. And it is a peculiarity to be sure that we're dealing with a back and forth, that the case ended up back in state court after the district court's ruling here. But I would submit to you that that was a choice made by QAI to cast their lot again in another court and risk... But that doesn't matter if my analysis is correct. It doesn't. Because whether they went back and whether they got a ruling in favor or opposed to them, we don't really care for purposes of our case because we're not considering whatever happened down there to be preclusive. Correct. I mean, I would say that at this point, whether it's under the res judicata arm of claim preclusion because my interpretation of Fung and Ohio law is that it is, in fact, a final judgment for purposes of res judicata, or issue preclusion where a state court judge with all the facts, all the arguments, the same parties, everything, reached a determination on the issue. Either way, future federal court, whether this one or the court on remand, is bound by that conclusion. Do you know what the reasons stated on the record following oral argument were in the state court? They were essentially set forth. The judge briefly stated that the two bases that are reflected in her order were the bases for her ruling. She says that the 1981 claim was a compulsory counterclaim in the state court. Correct. So the result of this case, because she says it was added too late, that's the reason why she's not allowing the amendment of the answer to raise this new counterclaim, right? She says it is a compulsory counterclaim, should have been raised in the answer. It wasn't raised. It's now so many months later. It's too late. I think the answer is a little more detailed than that, Your Honor. First of all, the trial court also found that the claim had been released as a part of the termination agreement. But under Ohio law, under Rule 13a, a compulsory counterclaim shall be brought at the time the answer is filed. If it is not, it is the day after the answer is filed, technically untimely. Therefore, a later attempt to amend a counterclaim is not simply analyzed under Rule 15 for the amendment of pleadings. There's a special part of Rule 13 called 13f, which deals with omitted counterclaims. And under 13f, you have to identify a justification for the untimeliness of it. So inadvertence, neglect, there's a list. What wouldn't a justification be that QAI didn't know that it should be raised as a compulsory counterclaim, but thought that it was an independent action for the reasons that your opponents stated here this morning? With due respect, because ignorance of the law is not an excuse, 13a made it clear under Rettig and the logical relationship test that this case should have been brought. In their brief, they said... What would make sense is if, during the course of discovery in the state court case, they found evidence of racial discrimination that they didn't know about at the time, at least that would arguably satisfy 13f, right? Arguably. But is that this case? No. Is there any allegation that they just recently discovered that race was behind all this? No. Part of the 13a test is that the claim was in existence at the time it was required to be filed in the state court, and they did know about it. There's never been any allegation that they learned something subsequent. All of these events happened prior to the filing of the state court case initially. The other thing I would say about the state court order, Your Honor, is that the one exception that could have arguably applied under 13f was when justice requires. And I think the reason the trial court did not find that justice required it is because of the other determination that the court made, which is that the claim had been released under the termination agreement. In the state court, they're not trying to void the termination agreement under duress. They're only doing that in the federal action. Is that right? I see my time's up. If I could answer your question, Your Honor. That was the point I was going to close with, which is at the end of the day, the determination of whether these cases are logically related can rest precisely on that dichotomy. In the state court, QAI is suing to recover damages as a result of a breach of that termination agreement. They are enforcing it. They are seeking to enjoy the benefits to them of that termination agreement. In this court, they are arguing that it is voidable by virtue of duress. They simply cannot, and I've never seen any case... For some reason, you have a compulsory conduct claim rule, so you can't have separate actions like this that raise inconsistent defenses and claims and everything else. Indeed. Consider the possibility of the federal court determining that the termination agreement was the result of duress in voiding it and a state court granting QAI damages on the basis of the termination agreement. Can you give us the site to this Fung case that you mentioned? Yes. 71 Ohio State 3rd, 408. And the quote I read was from page 412. Thank you very much. Thank you, Your Honor. Thank you. Your Honor, to address your question, I believe that if this court decides that the decision on the state court's decision on our motion to file a second amendment complaint is a reason to affirm the trial court, the district court, that would be incorrect. I think that that is incorrect, both timing-wise as well as procedurally. That decision is not a final decision. Maybe I didn't make my question as clear as I should have. If the judge in our case had ruled based upon claim preclusion, then that may or may not be problematic. But when I look at it again, it doesn't seem like he did that. He simply made what I understand to be an independent assessment of Ohio Rule 13a and said you had to bring it in Ohio, and you didn't. Now, the fact that that might or might not have been corroborated by the Ohio court later doesn't...it's interesting, but it doesn't seem to me to be determinative one way or the other. And if I'm right about that, then we end up just simply going back to whether he was right about what Ohio 13a means. Correct, Your Honor. He clearly decided the issue on whether or not this was a compulsory counterclaim under Ohio law. While the defendants argued the release language, the trial court elected not to proceed with that issue. It did not decide that outcome and mentioned it, I think, primarily in a footnote. Did I now answer your question? Sure. As counsel indicated, we argued under Rule 13f that justice required that the counterclaim be... or this discrimination claim be permitted to be brought in a state court action. And that action, the counsel did not cite in his brief the Fung decision, so I have not had a chance to review that as to whether it stands. Generally, for a state court decision to be final, an appeal will be entitled to preclusive effect. It does have to be final. It has to be the 54B certification, which is missing from the state court decision. So we don't believe that that interlocutory decision has any preclusive effect. When you look at the cases that they've cited regarding compulsory counterclaim... Let me interrupt you there. We could determine that it had persuasive effect, even if not preclusive. So if you've got Judge Black saying, well, this is what I think 13A means, it seems logical, and then you have a state court coming along later and saying the same thing, why is that not at least persuasive, whether it's final or not? I think that it's interesting whether it's persuasive is for this panel to decide. I think the court could say that what we've done is consistent with the trial court decision, understanding that there's an opportunity for us to take that matter on appeal. Why isn't it persuasive? Because it was primarily based upon the arguments presented to Judge Black, and it's just a repeat of those arguments. Many of the same cases were cited. Again, our position remains that these are not the same issues. This is not where... In the final analysis, your claim is race is different, and we shouldn't treat these compulsory counterclaim rules that we've discussed at length today in the same way we do for every other case because of this Section 1981 allegation in this case. That's sort of at the bottom of your argument, isn't it? Correct, Your Honor. And is there any case that says that? There is no case that says that. There's no case that says to the contrary. Thank you. I see that my time is up. I thank you for your time. We request that you reverse the decision of the District Court. Thank you both for your argument. The case will be submitted. Would the Court call the next case?